In the matter of LEMUEL SMITH *against* THE JUDGES of the Court of Common Pleas of the county of PUTNAM.

Smith.
v.
Judges of Put-
nam.

A CAUSE between *Fitzpatrick*, plaintiff, and *Smith*, defendant, had been commenced and carried to issue in the *Putnam* Common Pleas ; and then the defendant removed it by *habeas corpus* into this Court, but putting in no bail, a *procedendo* issued and was filed in the Common Pleas, in *February* term last, and on the last day of that term the plaintiff's attorney moved to bring the cause on to trial. This was resisted by the defendant's counsel, on the ground that the cause had but the day before, as appeared by the *procedendo* on file, been brought into that Court ; and, therefore, no notice of trial could regularly have been given. The Court decided that they would hear the cause, and it was tried accordingly, and a verdict found for the plaintiff, the counsel for the defendant declining to appear. At their next term, in *June* last, a motion was made to the Common Pleas to set aside the verdict, &c. as irregular, but they denied the motion.

A cause being removed by *habeas corpus* from the common pleas to this court, the former have no jurisdiction till a *procedendo* filed ; and till this be done, any proceeding in the cause in the court below is irregular.

A motion was now made for a mandamus, requiring the Court of Common Pleas to vacate and set aside this verdict and the subsequent proceedings.

*W. Nelson*, for the motion.

*J. Oppie*, contra.

*Curia.* The Court had no jurisdiction of the cause, and could not proceed till after the *procedendo* filed. Of course, there could have been no regular notice of trial. The proceedings of the Court below were, for this reason, irregular, and the motion must be granted.

Rule for a mandamus.